UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

<table>
<tr><td>C.R.,<br><br>            Plaintiff,<br><br>     v.<br><br>COMMISSIONER OF SOCIAL<br>SECURITY,<br><br>          Defendant.</td><td>Case No. 25-cv-09275-SVK<br><br>**ORDER RE PLAINTIFF'S<br>ADMINISTRATIVE MOTION TO<br>REDACT HIS NAME**<br><br>Re: Dkt. No. 11</td></tr>
</table>

Before the Court is Plaintiff's Administrative Motion to Redact his Name to Protect his Privacy Interests. Dkt. 11 (the "Motion"). Defendant has not opposed the Motion, and the deadline for an opposition has passed. The Court determines that the matter is suitable for resolution without oral argument. Civil L.R. 7-1(b). Having considered the relevant law and the record in this action, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's Motion.

This matter is an action for benefits under the Social Security Act. *See* Dkt. 1. In such actions, as Plaintiff points out, the Federal Rules of Civil Procedure ("FRCP") provide that "the parties and their attorneys may have remote electronic access to any part of the case file, including the administrative record" but "any other person may have electronic access to the full record at the courthouse, but may have remote electronic access only to (A) the docket maintained by the court; and (B) an opinion, order, judgment, or other disposition of the court, but not any other part of the case file or the administrative record." Fed. R. Civ. P. 5.2(c) (emphasis added). On May 1, 2018, the Committee on Court Administration and Case Management of the Judicial Conference of the United States published a memorandum recommending that federal courts "consider adopting a local practice of using only the first name and last initial of any non-government parties in the opinions [in Social Security and immigration] cases." Judicial Conf. of U.S., Comm. on Ct.

United States District Court
Northern District of California

Admin. and Case Management, *Privacy Concern Regarding Social Security and Immigration Opinions* (May 1, 2018), *available at* https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

In consideration of the above memorandum and in accordance with FRCP 5.2(c), the undersigned has already adopted the practice of using the first and last initial of plaintiffs in Social Security Act cases. Such a practice permits the Court to make available, in unredacted and unrestricted form, its "opinion, order, judgment, or other disposition" in Social Security Act cases pursuant to FRCP 5.2(c)(2)(b).

To this extent, Plaintiff's Motion is **GRANTED**. The Parties (and the Court) will substitute Plaintiff's first and last initial for his name in any future filings in this case, **including in the case caption**.

However, the Court notes that Plaintiff's Motion is filed under seal. This is improper. "The public has a right of access to the Court's files." Civil L.R. 79-5(a). Documents may not simply be filed under seal; they must be accompanied by "a motion to seal a document at the same time that the party submits the document," and the motion itself is public. *See id.*, R. 79-5(b). Moreover, the Court notes that there is no general right to seal documents – even in a Social Security Act case. *See Raulerson v. Massanari*, 25 Fed. App'x 589 (9th Cir. 2001). Indeed, FRCP 5.2(c) is to the contrary: the Rules explicitly contemplate that the public "may have electronic access to the full record at the courthouse," so long as "**remote** electronic access" is limited. Fed. R. Civ. P. 5.2(c)(2) (emphasis added).

Accordingly, to the extent the Plaintiff seeks to seal any prior filings in this case (including the Motion itself), the Motion is **DENIED without prejudice**. The Court notes that the following docket entries in this case are already restricted to "case participants" for remote access: Dkts. 1 (Complaint), 2 (Plaintiff's Application to Proceed *in forma pauperis*), 6-7 (Parties' consent to magistrate-judge jurisdiction), 8 (Stipulation re Extension of Time for Defendant to file the Administrative Record), 9 (Order Granting Stipulation) and 10 (the Administrative Record). However, to the extent Plaintiff wishes to seal any of these documents, the Court will consider such a request if it is (a) accompanied by an administrative motion in support of sealing and (b) a

United States District Court
Northern District of California

2

public, redacted copy of the document (redacting Plaintiff's name to his initials).

The Clerk of the Court shall **unseal** the Motion (Dkt. 11) but restrict remote electronic access to the Motion to case participants only.

**SO ORDERED.**

Dated: February 6, 2026

SUSAN VAN KEULEN
United States Magistrate Judge

United States District Court
Northern District of California

3